IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-30034-SMY |
| | ) |
| MANUEL GONZALEZ-SARABIA, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Manuel Gonzalez-Sarabia pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances (methamphetamine, heroin, cocaine, and cocaine base). He was sentenced to 210 months' imprisonment on December 15, 2020 (Docs. 230, 232). Now pending before the Court is Molina's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 392). The Government does not oppose the motion (Doc. 393).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

defendant prior to February 1, 2024.  *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant.  If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a).  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  Here, the parties agree that Gonzalez-Sarabia is eligible for a reduction under Part A of Amendment 821.

Gonzalez-Sarabia's total offense level at sentencing was 31 and his criminal history category was V, which yielded a Guidelines sentencing range of 180-210 months imprisonment.  He was sentenced to 210 months.  Under Amendment 821, Gonzalez-Sarabia's criminal history category is reduced to IV, resulting in a lowered Guidelines range of 180-188 months.

The Court agrees that Gonzalez-Sarabia is eligible for a reduction.  Having also considered the applicable factors under 18 U.S.C. § 3553(a), the Court **GRANTS** the motion (Doc. 392) and reduces Gonzalez-Sarabia's sentence from 210 to 188 months' imprisonment effective on February 1, 2024.  The Court attaches its standard order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

DATED: February 1, 2024

**STACI M. YANDLE**
**United States District Judge**